No. 27,232.

W. S. GABEL et al., *Appellants*, v. JOHN E. RILEY et al., *Appellees*.

SYLLABUS BY THE COURT.

BILLS AND NOTES — *Defenses* — *Failure of Consideration* — *Option to Purchase Land—Sufficiency of Evidence*. An action upon promissory notes executed by defendants was brought by plaintiffs on the theory that they were given as rental for plaintiffs' farm. The evidence showed that the notes were actually given as evidence of partial payments to be made upon the purchase price of the land in the event that defendants exercised an option to purchase it, and were not for rental. The defendants declined to purchase the land under the option. *Held*, the plaintiffs were not entitled to recover on the notes.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion filed March 12, 1927. Affirmed.

*R. M. Anderson* and *Francis J. Gabel*, both of Beloit, for the appellants.
*R. L. Hamilton* and *J. F. Finch*, both of Beloit, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by W. S. Gabel and Anna Gabel to recover from John E. Riley, Josie H. Riley and Mrs. Mary Riley upon two promissory notes, each for the sum of $1,000, upon the theory that they had been given for rent of a farm under a contract termed a farm lease, with option to purchase. The defendants prevailed, and plaintiffs appeal.

The defendants contended that the notes sued on were intended by the parties to be the initial payments on the purchase of the farm and not as rentals. After the contract was made the Rileys went into possession of the 63-acre farm and lived thereon from February, 1925, until September 7 of that year, and had the use of the farm during that period. The contract provided that the Rileys had the option to purchase the land, in which event the plaintiffs would execute and deliver a deed to the farm to them. The Rileys declined to purchase the farm and abandoned it on September 7, 1925. While the payments were called rentals in the contract, the testimony of witnesses in behalf of plaintiffs was to the effect that the notes in suit were intended to be payments on the purchase price of the land. The scrivener who testified for plaintiff stated that the

Gabel v. Riley.

terms of the contract were discussed in his presence, that the price to be paid was $14,500 and that the notes, amounting to $2,000, were to serve as the initial payments on the purchase of the land. In another part of his testimony he said that if Rileys had made the payments of the notes provided for in the contract they would have paid $2,000 of the purchase price of $14,500; and at another time he confirmed what he had previously testified, that the notes were initial payments on the land. Another witness produced by plaintiffs with whom they had listed the land for sale, gave testimony which tended to sustain the testimony of the scrivener. The amount of the notes tends to show that they were payments of the purchase price rather than rental on the 63-acre farm. There was a conceded error in the writing and considerable indefiniteness and inconsistencies in its terms which neither plaintiffs nor their witness, the scrivener, could explain. On plaintiffs' testimony the notes in suit were manifestly intended to be payments of purchase money in case Rileys exercised their option to purchase the farm. That option was not exercised and no purchase was made. The notes given as evidence of payments to be made in the event of a purchase were without consideration and unenforceable. The defendants might have been liable for the use of the farm during the short period they occupied it, but plaintiffs chose to rely on the specific notes which were given on the theory of a purchase, and the court rightly held that a recovery could not be had on them.

The judgment is affirmed.